IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT JACKSON

| | | |
|---|---|---|
| TERRI L. BARGER, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:13-cv-1311 egb |
| | ) | |
| JACKSON, TENNESSEE HOSPITAL | ) | JURY DEMANDED |
| COMPANY, LLC, d/b/a REGIONAL | ) | |
| HOSPITAL OF JACKSON, | ) | |
| | ) | |
|     Defendant. | ) | |

## MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant Jackson, Tennessee Hospital Company, LLC, d/b/a Regional Hospital of Jackson ("Defendant"), respectfully submits this Motion for Summary Judgment because there is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law. As explained more fully in Defendant's Memorandum of Law in Support of its Motion filed concurrently herewith, Plaintiff Terri L. Barger's ("Plaintiff") claim fails as a matter of law for the following reasons:

(1)    Plaintiff cannot establish a claim of interference under the Family and Medical Leave Act ("FMLA") because Plaintiff did not have a serious health condition and thus was not entitled to FMLA leave. The FMLA's regulations expressly provide that routine dental procedures with no complications, such as the procedure Plaintiff underwent, are not serious health conditions within the meaning of the FMLA. In addition, Plaintiff was not incapacitated for more than three consecutive, full calendar days and thus did not have a serious health condition under the FMLA.

7/3529503.3

(2)     Plaintiff did not request FMLA leave and did not provide Defendant with enough information for Defendant to reasonably conclude that Plaintiff had a serious health condition under the FMLA (which, as explained above, she did not).

(3)     Finally, Plaintiff's claim fails because Defendant terminated Plaintiff for legitimate reasons wholly unrelated to any alleged exercise of FMLA rights.  Plaintiff scheduled an elective wisdom tooth extraction on a day she was previously scheduled to work, thereby necessitating missing work in flagrant violation of her supervisor's written warning just one month earlier that any further absences would result in termination.  Also, Plaintiff was a no-call, no-show two days after the extraction, which gave rise to immediate termination under Defendant's policies.

Accordingly, Plaintiff's lawsuit should be dismissed against Defendant in its entirety, with prejudice.

In support of its Motion, Defendant relies upon the following:

(A)     Excerpts from the deposition of Terri L. Barger, RN, and exhibits thereto, attached as Exhibit A to Defendant's Memorandum of Law;

(B)     Excerpts from the deposition of Lisa Wall, RN, and an exhibit thereto, attached as Exhibit B to Defendant's Memorandum of Law;

(C)     Excerpts from the deposition of Peter McLemore, DDS, attached as Exhibit C to Defendant's Memorandum of Law;

(D)     Exhibit 1 to the deposition of Peter McLemore, DDS, to be filed under seal pursuant to Defendant's contemporaneously filed Motion for Leave To File Document Under Seal;

(E)     Plaintiff's Complaint (ECF No. 1);

(F)     *Brooks v. Via Christi Reg. Med. Ctr., Inc.*, No. 08-1376-JTM, 2010 U.S. Dist. LEXIS 9847 (D. Kan. Feb. 4, 2010), attached as Exhibit D to Defendant's Memorandum of Law;

(G)     *Ducharme v. Cape Indus., Inc.*, No. 01-74503, 2002 U.S. Dist. LEXIS 21926 (E.D. Mich. Oct. 8, 2002), attached as Exhibit E to Defendant's Memorandum of Law;

(H)     *Brown v. Seven Seventeen HB Philadelphia Corp.*, No. 01-1741, 2002 U.S. Dist. LEXIS 15066 (E.D. Pa. Aug. 8, 2002), attached as Exhibit F to Defendant's Memorandum of Law;

(I)     *Combs v. Quest Specialty Coating LLC*, 12-10995, 2013 U.S. Dist. LEXIS 52591 (E.D. Mich. April 12, 2013), attached as Exhibit G to Defendant's Memorandum of Law; and

(J)     *Short v. Hartford Baker, Inc.*, 3:10-cv-46-RLY-WGH, 2012 U.S. Dist. LEXIS 10481 (S.D. Ind. Jan. 30, 2012), attached as Exhibit H to Defendant's Memorandum of Law.

In addition, Defendant relies upon its Memorandum of Law in Support of its Motion for Summary Judgment and its Statement of Undisputed Material Facts, both of which are filed contemporaneously herewith.

WHEREFORE, Defendant Jackson, Tennessee Hospital Company, LLC, d/b/a Regional Hospital of Jackson, respectfully requests that this Court grant its Motion for Summary Judgment, dismiss Plaintiff's lawsuit in its entirety and with prejudice, and order any additional relief the Court deems appropriate.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

By:  _s/ J. Craig Oliver_
      Charles J. Mataya (No. 12710)
      J. Craig Oliver (No. 16838)
      John P. Rodgers (No. 30324)
      P.O. Box 340025
      Nashville, Tennessee 37203
      Phone: (615) 244-2582
      Facsimile: (615) 252-6310
      cmataya@babc.com
      coliver@babc.com
      jrodgers@babc.com

      *Attorneys for Defendant, Jackson, Tennessee Hospital Company, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing is being forwarded via the Court's Electronic Case Filing system to:

William Lewis Jenkins, Jr.
WILKERSON GAULDIN HAYES JENKINS & DEDMON
112 West Court Street, P.O. Box 220
Dyersburg, TN 38025-0220

on this the 17th day of November, 2014.

      *s/ J. Craig Oliver*
      J. Craig Oliver